108            LIGHTHALL *v.* COLWELL *et al.*            [Sept. T.,

Syllabus.    Opinion of the Court.

# JOSEPH LIGHTHALL

## *v.*

# JOHN COLWELL *et al.*

1. PAROL EVIDENCE cannot be heard to contradict, vary or explain a written agreement. Its meaning must be ascertained from the instrument itself without the aid of extraneous evidence.

2. ACTION — *recovery where the contract has not been complied with.* In an action brought to recover the balance of the contract price for building a house on the land of the defendant, a portion thereof having been paid, he contending the work was not done according to the terms of the agreement, it was *held*, the plaintiff, notwithstanding he had not performed all his covenants, was entitled to recover such unpaid balance, less any damage resulting to the defendant by reason of such neglect to comply with the terms of the contract.

APPEAL from the County Court of La Salle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

The opinion states the case.

Mr. H. K. BOYLE, for the appellant.

Messrs. BUSHNELL & AVERY and Mr. E. F. BULL, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellees in the county court of La Salle county against appellant, on a contract to build a house by the former for the latter. The agreement specifies the sum to be paid by appellant and the character of the building to be erected by appellees. It is averred that appellees did furnish the materials and finish the house according to the terms of the agreement. Appellant filed pleas of *nil debit, non est factum,* set-off, that plaintiffs did not build

the house according to the terms of the agreement; that plaintiffs did not keep their covenants in the agreement; that plaintiffs did not use clear siding on the building, and that the work was not done according to the agreement, whereby appellant sustained damage. Replications were filed and issue joined on each of the pleas. It will be observed that a number of these pleas are not appropriate to this form of action, but no exceptions were taken to them on the trial below, and a trial was had by a jury, resulting in a verdict and judgment in favor of plaintiffs, and defendant has appealed to this court.

The first error assigned questions the correctness of the decision of the court below in admitting evidence of the custom in that neighborhood as to boarding carpenters while building a house for the owner of the land. As drawn and signed by appellees, the agreement required appellant to board the hands without charge while engaged in building the house, but he struck that clause out before he signed it, and appellees' attention was called to the erasure when the agreement was returned to them executed by the appellant. They received it and went on and completed the building without any thing further being said in reference to board. From this evidence, and the agreement as it reads, there can be no question that both parties understood that appellant was not to board the hands free of cost to appellees. As executed, appellant was not bound to board the hands, under the terms of the agreement, and if he did board them he had the same right to have compensation as would any other person. And it was clearly erroneous to permit appellees to give evidence that it was customary for carpenters to have their board free of charge from persons for whom they worked. It was against and calculated to overcome the clear intention of the parties, as manifested by their contract. And the rule is familiar, that parol evidence cannot be heard to contradict, vary or explain a written agreement, but its meaning must be ascertained from the instrument itself, without the aid of extraneous evidence.

Appellant asked, and the court refused to give, these instructions:

1st. " The jury are instructed, as a matter of law, that if they believe from the evidence that the plaintiffs did not build said dwelling-house, and do said work, and complete said house according to the conditions and stipulations of the agreement introduced in evidence, then the jury will find for the defendant."

2d. " The jury are instructed, as a matter of law, that if they believe from the evidence that the plaintiffs did not, prior to the commencement of this suit, perform all the covenants in said agreement in reference to the building of said house, then the jury will find for the defendant."

3d. " The jury are instructed, as a matter of law, that if they believe from the evidence that by the terms of said agreement the plaintiffs were to put on said building clear siding, and if the jury believe from the evidence that said plaintiffs did not put .upon said building such clear lumber as agreed upon, then the jury will find for the defendant under the issues in this case."

These instructions were properly refused. The contract price to be paid was $620, $500 of which seems to have been paid, leaving $120. These instructions claim that a failure on the part of appellees to perform the agreement as therein specified, entitled appellant to recover. If there were such breaches as named, appellant would be entitled to recover damages to the extent of the injury sustained, to be deducted from the unpaid portion of the contract price. It was not for the court to find that the damages were equal to the $120, which was unpaid. Had these instructions been given, the court would have so found. The instructions, to have been correct, should have simply directed the jury, if there were such breaches, to find the damages sustained, and deduct the amount from any unpaid balance of the price of the house. But for the error in admitting improper evidence, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*